UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BALDORI,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.
_____/

File No. 1:11-CV-102

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Plaintiff Robert Baldori's motion for remand to state court.[1] (Dkt. No. 7.) Plaintiff contends that this court does not have diversity jurisdiction over this action because the amount in controversy does not exceed $75,000. For the reasons that follow, Plaintiff's motion for remand will be granted.

### I.

Plaintiff filed this action in the Ingham County Circuit Court seeking an unspecified amount of damages over $25,000 arising from Defendant Delta Air Lines, Inc.'s loss of Plaintiff's luggage. Defendant removed the matter to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship and Defendant's assertion that

---

[1]Plaintiff's request for sanctions, which was included in his motion to remand, has been stricken pursuant to the parties' stipulation. (Dkt. No. 12.)

based on the allegations in the complaint, the amount in controversy "more likely than not" exceeds $75,000.00.² Plaintiff has moved for remand because he contends that this action does not meet the requisite amount in controversy.

The removing party bears the burden of satisfying the amount-in-controversy requirement. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). Normally, the sum claimed by the plaintiff controls, but where the plaintiff seeks to recover "'some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Id.* (quoting *Gafford*, 997 F.2d at 158). "In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Id.*

Defendant asserted in its notice of removal that although Plaintiff's complaint does

---

²Plaintiff's complaint contains the following allegations relating to damages:

"Plaintiff was forced to spend hundreds of dollars to acquire bare bones essential in order to perform at the scheduled performance." (Compl. ¶ 28.)

"Plaintiff's luggage contained numerous irreplaceable items with a value in excess of $25,000." (Compl. ¶ 29.)

"Plaintiff was forced to perform without the equipment necessary to meet the standards of his usual performance." (Compl. ¶ 30.)

"Delta's behavior caused irreparable harm to Plaintiff's performance and reputation on Friday, December 17, 2010 and subsequently." (Compl. ¶ 50.)

"Plaintiff's damages are in excess of $25,000." (Compl. ¶ 51.)

not contain separate counts, Plaintiff's vaguely-worded complaint could be construed as an attempt to allege claims of fraud, conversion, violation of the Michigan Consumer Protection Act, negligence, breach of contract. Because a plaintiff may be entitled to treble damages on a conversion claim under Michigan law, *see* Mich. Comp. Laws § 600.2919a, Defendant asserted that Plaintiff's claim for conversion of personal property alone could be worth at least $75,000. Defendant also noted that in addition to his claim for the value of his personal property, Plaintiff has also alleged irreparable harm to his performance and reputation.

After the case was removed, Plaintiff offered to stipulate that his damages were less than $75,000. (Dkt. No. 9, Def.'s Resp., Ex. 1.) When Defendant refused Plaintiff's offer, Plaintiff filed this motion for remand. Plaintiff contends that because his complaint did not request damages in excess of $75,000, and because he has stipulated that his damages are not in excess of $75,000, removal was inappropriate and the case should be remanded to state court for litigation. Defendant, relying on *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000), contends that Plaintiff's post-removal offer to reduce the amount in controversy does not defeat federal jurisdiction.

The Court is satisfied that, based upon the allegations in the complaint, Defendant's removal was proper. Accordingly, the issue for the Court's resolution is the effect of Plaintiff's post-removal offer to stipulate that his damages do not exceed $75,000. In *Rogers*, the Sixth Circuit stated that "a post-removal stipulation reducing the amount in

controversy to below the jurisdictional limit does not require remand to state court." *Id.* The Supreme Court subsequently issued an opinion in *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224 (2007), in which it stated that "a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." *Id.* at 232.

Plaintiff relies on *Roberts v. A & S Bldg. Sys., L.P.*, No. 3:07-CV-413, 2008 WL 220627 (E.D. Tenn. Jan 25, 2008), in support of the proposition that *Rogers* has effectively been abrogated by the Supreme Court's ruling in *Powerex*. *Id.* at *3. The *Roberts* court reasoned that because the amount in controversy must exceed $75,000 for the court to have diversity jurisdiction, it followed that the plaintiff's post-removal stipulation that she would not seek more than $75,000 in damages required the court to remand, despite the court's previous determination, on the information before it at that time, that removal was proper. *Id.* A number of other district courts in this Circuit agree that *Rogers* has been abrogated by *Powerex*. *See*, *e.g.*, *Captain v. Wal-Mart Stores East, Inc.*, No. 10-501, 2010 WL 4875702, at *1 (S.D. Ohio Oct. 7, 2010) (granting the plaintiff's motion to remand in light of the plaintiff's stipulation that her total damages cannot exceed $75,000); *Stratton v. Konecranes, Inc.*, No. 5:10-CV-66, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010) (denying remand where the defendant's showing that the amount in controversy more likely than not exceeded $75,000 was unrebutted, and the plaintiff refused to stipulate to a lesser amount of damages); *see also Brown v. Cabell Fin. Corp.*, No. 5:05-CV-962, 2010 WL 1486486, at *1 (N.D. Ohio Apr. 13, 2010) (recognizing that *Rogers* was abrogated by *Powerex*); *Lowe v. Fountain*

*Forestry, Inc.*, No. 3:08-CV-08, 2008 WL 276486 at *2 n.1 (E.D. Tenn. 2008) (noting that *Rogers* has been abrogated by *Powerex*); *but see Driscoll v. Wal-Mart Stores East, Inc.*, No. 2:09-CV-154, 2009 WL 4730709, at *3 (S.D. Ohio Dec. 20, 2009) (holding that remand on the basis of a post-removal stipulation was improper in light of *Rogers*); *Wisniewski v. Cheema*, No. 09-10111, 2009 WL 2222581, at *2 n.4 (E.D. Mich. July 22, 2009) (declining to remand based on a post-removal stipulation, and noting that the court was not at liberty to disregard *Rogers*).

Other district courts in this circuit have remanded based on post-removal stipulations without finding that *Rogers* has been abrogated or overruled. Instead, they distinguish *Rogers* on the basis that it is not applicable to a post-removal stipulation that merely "clarifies" the amount of damages sought in the underlying complaint, as opposed to reducing the demand made in the initial pleading. *See*, *e.g.*, *Manning v. State Farm Fire and Cas. Co.*, No. 10-352, 2011 WL 146391, at *2-3 (E.D. Ky. Jan. 18, 2011) (noting that the breadth of the *Rogers* holding is unclear, and remanding based on a post-removal stipulation that provided, *ab initio*, the specific damage amounts claimed); *King v. Household Finance Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009) (remanding based on a post-removal stipulation that did not reduce the amount in controversy, but instead established it for the first time); *Howell v. Aramark Mgmt. Servs*, No. 3:08-0667, 2008 WL 2951104, at *2 (M.D. Tenn. July 28, 2008) (remanding based on a post-removal stipulation that did not reduce the amount the plaintiff sought in damages); *see also Wisniewski v. Cheema*, No. 09-10111, 2009

WL 2222581, at *2 n.5 (E.D. Mich. July 22, 2009) (recognizing this line of cases without deciding whether *Rogers* is distinguishable on this ground).

The Court agrees with the cases that have distinguished *Rogers* on its facts. In *Rogers*, the plaintiff originally filed her slip-and-fall action in state court, seeking damages in excess of $900,000. 230 F.3d at 870. After the action was removed to federal court, the parties stipulated to its dismissal without prejudice. *Id*. Thereafter, the plaintiff filed a new complaint in state court, arising out of the same occurrence, specifying that she sought to recover an amount "not exceeding $75,000." *Id*. The defendant filed another notice of removal based on the plaintiff's sworn answers to interrogatories in the first case in which she estimated her damages at $447,000. *Id.* The district court denied that plaintiff's motion to remand, despite the fact that she had attached a stipulation that her total damages did not exceed $75,000. The Sixth Circuit affirmed on the basis that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id*. at 871 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "[B]ecause jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint." *Id.* at 872 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).

Unlike *Rogers*, in the case before this Court, Plaintiff's stipulation to cap his damages at $75,000 does not contradict any previous statements by Plaintiff regarding the value of his damages. Plaintiff requested unspecified damages in excess of $25,000, but Plaintiff did not

6

request treble damages in his complaint. Unlike the plaintiff in *Rogers*, Plaintiff has never claimed damages in excess of $75,000, and his stipulation clarified his claim rather than reducing it.

Because *Rogers* dealt with a post-removal stipulation that attempted to reduce the amount in controversy, it makes sense to limit *Rogers* to such stipulations. However, where, as here, the complaint does not specify damages, it is reasonable to hold that a plaintiff's unrebutted post-removal declaration that the amount in controversy is less than $75,000 is sufficient to show lack of jurisdiction. By remanding this case based on Plaintiff's post-removal stipulation, the Court can give effect to the *Powerex* principle that "a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand," 551 U.S. at 232, while at the same time adhering to the *Rogers* principle that "a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not require remand to state court," 230 F.3d at 872 (emphasis added).

Plaintiff's stipulation that his damages will not exceed $75,000 is a clarification of the damages sought in his complaint rather than a reduction of the amounts claimed in his complaint. In light of this clarification, it now appears that the Court lacked jurisdiction over Plaintiff's complaint at the time it was removed. Accordingly, Plaintiff's motion to remand will be granted.

An order consistent with this opinion will be entered.

Dated: March 29, 2011 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE